# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CTIA – THE WIRELESS ASSOCIATION, <br><br> Petitioner, <br><br> v. <br><br> FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA, <br><br> Respondents. | Case No. 24-1166 |

## PETITION FOR REVIEW

Pursuant to 47 U.S.C. § 402(a), 28 U.S.C. §§ 2342 and 2344, and Federal Rule of Appellate Procedure 15(a), CTIA – The Wireless Association® ("CTIA") petitions for review of the Federal Communications Commission's Declaratory Ruling, Order, Report and Order, and Order on Reconsideration ("Order"), a final order that was entered in the FCC's *Safeguarding and Securing the Open Internet* and *Restoring Internet Freedom* dockets on May 7, 2024, *see* WC Docket Nos. 23-320 & 17-108, FCC 24-52, and published in the Federal Register on May 22, 2024 (attached as Exhibit A). CTIA represents the U.S. wireless communications industry and the companies throughout the mobile ecosystem—including wireless broadband Internet access service providers—that enable Americans to lead a 21st century connected life. Venue lies in this Court under 28 U.S.C. § 2343. Because petitions

for review of the Order have also been filed (within the ten-day period after issuance of the Order) in other Circuits, *e.g.*, No. 24-3449 (6th Cir.), the petitions should be subject to transfer and consolidation under 28 U.S.C. § 2112(a).

In the Order, a bare majority of the FCC has imposed a retrograde common-carrier regime on 21st-century wireless broadband offerings, displacing the highly effective light-touch regulatory framework that has long supported the thriving and fiercely competitive mobile-broadband market. The FCC now claims for itself sweeping authority to regulate wireless broadband providers under Title II of the Communications Act of 1934, as amended ("Act")—a statute originally adopted nearly a century ago to regulate old-fashioned telephone monopolies. The Order will harm consumers and should be set aside as unlawful.

To start, the FCC lacks statutory authority to impose Title II common-carrier regulation on wireless broadband service. Congress made clear that a service offering "a capability for generating, acquiring, storing, transforming, processing, retrieving, utilizing, or making available information via telecommunications"—such as broadband Internet access service—is not subject to Title II common-carrier regulatory authority. 47 U.S.C. § 153(24). Mobile broadband is further insulated from common-carrier regulation because it is a "private mobile service" that Congress expressly provided "shall not . . . be treated as a common carrier for any purpose." 47 U.S.C. § 332(c)(2). Given the undisputed fact that broadband Internet

2

is an essential engine of the nation's economic, social, and political life, the major-questions doctrine requires the FCC to identify clear statutory authority to subject broadband Internet access service to common-carrier regulation. The Order does not and cannot point to such authority. And to the extent there is any statutory ambiguity, the Order's Title II approach far exceeds the bounds of reasonable interpretation and infringes rights protected by the Constitution.

The Order also fails to justify its departure from the existing regulatory scheme. For almost thirty years, the Commission has, with only brief exceptions, adhered to the clear language of the Act by classifying broadband Internet access service under the Title I regime that Congress designed for the modern information economy. The Order offers no reason to change course now and disrupt the reliance interests built on that regime. Americans' broadband Internet experience is already fast, open, and fair, due in significant part to the FCC's longstanding light-touch regulatory framework. This framework has fostered innovative offerings, spurred investment in next-generation networks, and facilitated cutting-edge services at lower prices, especially in the wireless space. In 2015, the FCC briefly departed from this successful approach, but quickly recognized its error and, in 2018, restored its longstanding Title I approach to regulating broadband Internet access service. The FCC fails to justify changing course again, particularly so soon after its 2018 findings. To the contrary, the FCC's record shows that America's broadband

3

providers are committed to the open Internet, and the FCC has identified no evidence of any threats to that openness that could warrant reclassification under Title II. Further, classifying wireless broadband as a Title II service and reimposing the short-lived 2015 Internet conduct rules—including the vague general conduct rule—will restrict innovation and investment and harm consumers. By imposing even more regulatory obligations than the FCC's 2015 approach, including on emerging wireless technologies, the Order further undermines broadband investment.

CTIA raised these and other objections through its active participation in the proceedings below. CTIA now seeks relief from the Order on the grounds that it exceeds the FCC's authority; is arbitrary, capricious, and an abuse of discretion; is unconstitutional; and is otherwise contrary to law. *See* 5 U.S.C. § 706. Accordingly, CTIA requests that this Court hold unlawful, vacate, and set aside the Order and grant such additional relief as may be necessary and appropriate.

Dated: May 29, 2024
Respectfully submitted,

  /s/ Helgi C. Walker
Helgi C. Walker
  *Counsel of Record*
Jonathan C. Bond
Russell B. Balikian
Max E. Schulman
Trenton J. Van Oss
Nathaniel J. Tisa
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for Petitioner CTIA*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CTIA – THE WIRELESS ASSOCIATION,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA,<br><br>　　　　　Respondents. | Case No. 24-1166 |

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and D.C. Circuit Rule 26.1, Petitioner CTIA states that it is a Section 501(c)(6) not-for-profit association organized under the laws of the District of Columbia and represents the United States wireless communications industry. It has no parent corporation, and no publicly held corporation owns 10 percent or more of its stock.

Dated:  May 29, 2024                    Respectfully submitted,

       */s/ Helgi C. Walker*
       Helgi C. Walker
         *Counsel of Record*
       Jonathan C. Bond
       Russell B. Balikian
       Max E. Schulman
       Trenton J. Van Oss
       Nathaniel J. Tisa
       GIBSON, DUNN & CRUTCHER LLP
       1050 Connecticut Ave., N.W.
       Washington, D.C.  20036
       Telephone: (202) 955-8500
       Facsimile: (202) 467-0539

    *Attorneys for Petitioner CTIA*

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2024, the foregoing was electronically filed with the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system, and I caused two copies to be sent to the Clerk of the Court by overnight Federal Express for service on the respondents pursuant to Federal Rule of Appellate Procedure 15(c)(3).

I further certify that pursuant to 47 C.F.R. § 1.13 I caused a copy of the foregoing to be served on each of the following counsel by the manner indicated:

*By Registered Mail (Return Receipt Requested) and Electronic Mail*

P. Michele Ellison
General Counsel
Federal Communications Commission
45 L St., N.E.
Washington, D.C. 20554
LitigationNotice@fcc.gov

*By Registered Mail (Return Receipt Requested)*

Merrick B. Garland
Attorney General
Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

 /s/ Helgi C. Walker
Helgi C. Walker
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036

*Attorney for Petitioner CTIA*